```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

ANGELA REID, etc.,                )
                                  )
              Plaintiff,          )
                                  )
    v.                            )      No.  12 C 3307
                                  )
OFFICER PAUL MALETICH #222,       )
et al.,                           )
                                  )
              Defendant.          )
```

## MEMORANDUM OPINION AND ORDER

This past month has found this Court submerged under a sea of paper stemming from an extraordinary number of bulky motions for temporary restraining orders, for Fed. R. Civ. P. ("Rule") 56 motions for summary judgment and for a host of other document-rich filings. As a result, this past weekend's effort to dig through some accumulated documents uncovered the earlier-filed (July 5) Answer by the City of Calumet City and two of its police officers to the Complaint brought against them by Angela Reid as best friend of her daughter Lakeya Reid. Better late than never, though, for a number of problematic aspects of that pleading require defense counsel to return to the drawing board.

First, Answer ¶¶4 and 5 impermissibly state that various of the allegations in the corresponding Complaint paragraphs "are legal conclusions for which no answer is required." That is of course nonsense--after all, what are more quintessentially legal conclusions than the existence of jurisdiction and the propriety of venue? Yet defense counsel had no difficulty in admitting

those allegations in Answer ¶¶1 and 2 (relatedly, see App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)).

Next, defense counsel begin Answer ¶9 by denying not what is asserted in Complaint ¶9's initial allegation, but an improperly revised version of that allegation. That may or may not be creative, but it certainly has no place in a pleading.

Finally, the paragraphs of the Answer itself are followed by a group of asserted affirmative defenses ("ADs") that flout the underlying concept of Fed. R. Civ. P. ("Rule") 8(c) and the caselaw construing and applying that Rule--see also App'x ¶5 to State Farm. Here are some of the flaws in the ADs:

1. AD 1, which is the equivalent of a Rule 12(b)(6) motion, is simply dead wrong. When the Complaint allegations are accepted as true, as any AD requires, defendants' AD is bankrupt. It is stricken.

2. As to AD 2, any notion of laches appears absurd when directed at a lawsuit that was filed a bit less than a year after the May 2011 incident that gave rise to the Complaint. And just how the "applicable statute of limitations" can enter the picture is a mystery. AD 2 is also stricken.

3. As for AD 3, where as here the plaintiff's claims will require a trial of the disputed facts to determine

2

whose version of the events is to be credited, the Supreme Court's teaching is that a qualified immunity defense is not in play. AD 3 is stricken as well.

    4. As to AD 4, the invocation of the Illinois statute that it cites is inconsistent with the Complaint's allegations of wilful and wanton misconduct. Again the AD is stricken.

    5. Finally, ADs 5 and 6 are also totally--and impermissibly--at odds with the Complaint's allegations. Those ADs must bite the dust too.

Accordingly all six of the ADs are stricken. If defense counsel wishes to persist in asserting any AD in the revised pleading that is called for hereafter, it must be advanced with an appropriate fleshing out that explains the basis for and the viability of such a defense.

To avoid piecemeal pleadings that would require a reader to flip back and forth between two partial responsive pleadings, the entire present Answer (including its ADs) is stricken, but with leave of course being granted to file a self-contained Amended Answer on or before August 15, 2012. All of that said, it is to be hoped that the passel of total denials with which the present Answer is packed have more objective good faith to support them (see Rule 11(b)) than the portions dealt with in this opinion.

Meanwhile, no charge is to be made to defendants by their

3

counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date:  July 31, 2012